UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CLYBURN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:10CV191-DJS |
| | ) | |
| LGC ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Now before the Court is defendant LGC Associates' motion to dismiss [Doc. #11] pro se plaintiff Christopher Clyburn's complaint [Doc. #1]. Plaintiff responded to the motion by submitting to the Court letters he wrote to defendant prior to this lawsuit being filed and by filing a "motion for continued process," in which he asks the Court to have a trial or hearing to discuss the case. These matters are now ready for disposition.

### STANDARD OF REVIEW

As an initial matter, the Court notes that plaintiff is a pro se litigant, and as such his pleadings are held "'to less stringent standards than formal pleadings drafted by lawyers.'" Ellis v. Butler, 890 F.2d 1001, 1003 (8th Cir. 1989) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, plaintiff must comply with substantive and procedural law. See Am. Inmate Paralegal Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," Bell Atl. Corp. V. Twombly, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). A pleading that offers legal conclusions, a formulaic recitation of elements, or naked assertions devoid of factual enhancement does not suffice. Id.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. A claim has facial plausibility when the alleged facts allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Only well-pleaded facts are accepted as true, while "[t]hreadbare recitals of the elements of a cause of action" and legal conclusions are not. Id. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." Id. at 1950. When a complaint contains well-pleaded factual allegations, a court should assume the well-pleaded facts are true and then determine whether they plausibly

entitle the plaintiff to relief. Id. If the well-pleaded facts do not plausibly entitle the plaintiff to relief, the claim should be dismissed. Id.

## THE COMPLAINT

Plaintiff's pro se complaint was filed using a form provided for pro se plaintiffs by the Eastern District of Missouri clerk's office. It is entitled "Employment Discrimination Complaint," and contains instructions, checklists, and blank lines for written statements that allow pro se plaintiffs to easily put defendants on notice of the legal bases for their claims.

In the first section, the complaint form asks pro se plaintiffs to indicate on which statute their claims are based. In this case, plaintiff indicates that his claims are based on Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq., for employment discrimination on the basis of race, color, religion, gender, or national origin and on the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, et seq., for employment discrimination on the basis of age.

The second section of the complaint form allows pro se plaintiffs to identify the parties to the suit, where the discrimination occurred, and when it occurred. In this case, Clyburn identifies himself as the plaintiff and LGC Associates as the defendant. He indicates that the discrimination took place at

defendant's office in St. Louis, Missouri but does not state when it occurred.

The third section of the complaint form is concerned with pro se plaintiffs' exhaustion of administrative procedures. In this section, plaintiff indicates that he filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC") on November 18, 2009. He indicates that he received a notice of right-to-sue letter.

The fourth section of the complaint form allows pro se plaintiffs to identify the nature of their case by checking lines on a checklist. Plaintiff indicates that the conduct complained of in this lawsuit involves retaliation. He indicates that this was the same conduct complained of in his charge of discrimination filed with the EEOC. He indicates that he believes that he was discriminated against because of his race and age. His date of birth is July 4, 1968.

The above portions of the complaint form constitute legal conclusions that, without more, would not be sufficient to state a claim for relief. See Iqbal, 129 S. Ct. at 1949-50. These sections serve to provide the legal framework for the complaint that then must be supported by factual allegations. Id.

The form instructs pro se plaintiffs to provide factual allegations in paragraph twelve of the complaint. The form states:

> State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe

4

>how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. It is not necessary to make legal arguments, or to cite cases or statutes.

Complaint, Doc. #1, p. 5. Essentially, the form directs pro se plaintiffs to tell their story in their own words without concerning themselves with the legal arguments. In this section, plaintiff wrote:

> I was promised more money for other jobs to do within the company and when I stood up for my rights, (but also still willing to work) I was retaliated against, as well also by the V.P. Mr. Greenawalt of LGC Associates for asking him if it was OK for us LGC workers to start a union. After then, every [sic] since 5-18-09 I haven't been called back to work but recieved [sic] a letter from LGC that I'm not fired but no work for me for a certain pay scale, but other workers (younger worker's [sic] received work)

Id.

In paragraph thirteen, the form asks pro se plaintiffs to indicate whether or not the alleged discriminatory acts are still being committed by the defendant. In this case, plaintiff indicates that defendant is still committing the acts alleged in paragraph twelve.

Finally, the form directs pro se plaintiffs to state what they want the Court to do. In his prayer for relief, plaintiff requests:

> any and all back pay that I would be [sic] A note from LGC of their wrong + sorry for the way they treated me, my job back, pay increase as I was promised, any pay that would have accured [sic] by me missing out on work from LGC, and written statement from Mr. Greenawalt that its [sic] OK for LGC employe's [sic] to start a union.

Id. at 7.

**DISCUSSION**

In the instant motion, defendant argues that plaintiff's complaint does not state facts sufficient to state a claim for race or age discrimination. Defendant further argues that plaintiff's retaliation claim is preempted by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151, et seq., giving the National Labor Relations Board ("NLRB") exclusive jurisdiction over the claim. Plaintiff did not specifically respond to any of defendant's arguments, but instead, submitted letters that he wrote to defendant prior to the filing of this lawsuit. Plaintiff also asks the Court for a trial or hearing in order to explain himself.

**I. Race Discrimination**

With regard to plaintiff's race discrimination claim, Title VII makes it unlawful for an employer to discriminate against an employee with respect to "compensation, terms, conditions, or privileges of employment" because of race. 42 U.S.C. § 2000e-2(a). The elements of such a claim are: (1) the employee belonged to a protected class; (2) he was qualified to perform his job; (3) he suffered an adverse employment action; and (4) he was treated differently from similarly situated employees of a different race. See Arraleh v. County of Ramsey, 461 F.3d 967, 975 (8th Cir. 2006). While plaintiff's check marks in the beginning of his complaint indicate that he is bringing a race discrimination action,

6

plaintiff does not plead any facts regarding his purported race discrimination claim. His complaint is so devoid of factual enhancement with regard to this claim that it does not indicate what his race is. While the Court was able to discern that plaintiff is black from the right-to-sue letter attached to the complaint, the complaint still fails to allege an essential element of a race discrimination claim in that it does not allege that members of a different race were treated differently. Accordingly, the Court will dismiss this claim for failure to state a claim upon which relief can be granted. See Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1049 (8th Cir. 2010). Because plaintiff is proceeding pro se, the Court's dismissal will be without prejudice to afford plaintiff an opportunity to amend his complaint if he so desires. See Guerrero v. Hauck, 502 F.2d 579, 580 (5th Cir. 1974) (holding that the dismissal of a pro se complaint should have been without prejudice when the defects in the complaint were curable by amendment).

**II. Age Discrimination**

With respect to plaintiff's age discrimination claim under the ADEA, employers are forbidden from taking adverse employment actions against employees because of their age. 29 U.S.C. § 623(a)(1). The elements of such a claim are: (1) the employee belonged to the protected class; (2) he was qualified to perform his job; (3) he suffered an adverse employment action; and

7

(4) he was treated differently from similarly situated younger employees.  See Hammer v. Ashcroft, 383 F.3d 722, 726 (8th Cir. 2004).  In his complaint, plaintiff indicates that he is 41 years-old, and he alleges that LGC gave work to younger employees after they told him that no work was available for him at a certain pay scale.  Holding these allegations to a less stringent standard because plaintiff is not an attorney, the Court finds that these allegations, accepted as true for the purposes of this motion, plausibly entitle plaintiff to relief for his age discrimination claim.  Thus, the Court will deny defendant's motion with respect to plaintiff's age discrimination claim.

**III. Retaliation**

Plaintiff claims that he was retaliated against for asking defendant if defendant's employees could start a union.  Plaintiff purports to bring this claim under Title VII and the ADEA.  The Title VII antiretaliation provision forbids employer actions that "discriminate against" an employee because he has "opposed" a practice that Title VII forbids or has "made a charge, testified, assisted, or participated in" a Title VII "investigation, proceeding, or hearing."  42 U.S.C. § 2000e-3(a); Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 59 (2006).  The ADEA has a similarly worded provision.  29 U.S.C. § 623(d).  Both Title VII and the ADEA essentially prohibit retaliation against an employee for asserting rights protected under those

8

laws.  Plaintiff's attempt to start a union, however, is not protected by Title VII or the ADEA.  Thus, to the extent that plaintiff attempts to assert his retaliation claim under these statutes, his retaliation claim will be dismissed.

Construing plaintiff's complaint liberally because he is not an attorney or represented by one, plaintiff's complaint could be read to be asserting rights under the NLRA.  Under the NLRA, it is an unfair labor practice to discriminate against an employee for attempting to form a union.  29 U.S.C. §§ 157-158.  State law claims asserting such rights are pre-empted by the NLRA.  See San Diego Bldg. Trades Council v. Garmon, 359 U.S. 236, 246 (1959). Accordingly, the Court will construe plaintiff's complaint as asserting an NLRA claim or a state law claim pre-empted by the NLRA.

Defendant argues that the NLRB has exclusive jurisdiction over plaintiff's retaliation claim.  Plaintiff does not respond to this argument.  In San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959), the Supreme Court held that federal courts "must defer to the exclusive competence of the National Labor Relations Board" for claims arguably brought under §§ 157 and 158 of the NLRA, as codified.  Id. at 245.  The Supreme Court later held that "[t]he jurisdiction of the National Labor Relations Board is exclusive and pre-emptive as to activities that are 'arguably subject' to regulation under" §§ 157 and 158 of the NLRA.  Int'l

9

Longshoremen's Local 1416, AFL-CIO v. Ariadne Shipping Co., 397 U.S. 195, 200 (1970) (quoting Garmon, 359 U.S. at 245).

Here, because plaintiff complains of retaliation for his efforts to unionize defendant's workers, his retaliation claim falls squarely within §§ 157 and 158 of the NLRA and, therefore, must be filed with the NLRB. Accordingly, the Court lacks jurisdiction to decide plaintiff's claim concerning his desire to start a union, and such claim will be dismissed. Because the Court's dismissal is due to a jurisdictional bar, not an insufficiency in the allegations, the dismissal of plaintiff's retaliation claim will be with prejudice.

**IV. Plaintiff's Motion for Oral Argument**

Plaintiff filed a "motion for to [sic] continued process of trail [sic] against LGC Associates which asked for motion to dismiss," in which he requests a trial or hearing to explain his claim. The Court construes this motion as seeking oral argument on the motion to dismiss. It is not the common practice of this Court to hear oral arguments on motions to dismiss, and the Court is not persuaded that oral argument is necessary in this case. Thus, plaintiff's motion will be denied.

## CONCLUSION

Plaintiff's complaint states a plausible claim for age discrimination but fails to state a claim for race discrimination. Furthermore, the Court lacks jurisdiction over plaintiff's retaliation claim. For the reasons stated above,

**IT IS HEREBY ORDERED** that defendant Saint Louis University's motion to dismiss [Doc. #11] is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the motion is granted in that plaintiff's race discrimination claim is dismissed without prejudice to filing an amended complaint.

**IT IS FURTHER ORDERED** that the motion is granted in that plaintiff's retaliation claim is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motion is denied in that plaintiff's age discrimination claim will not be dismissed.

**IT IS FURTHER ORDERED** that plaintiff Christopher Clyburn's motion for oral argument [Doc. #16] is denied.

Dated this ___14th___ day of June, 2010.

                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE